IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.:

| | |
|---|---|
| MAD PANDA, LLC, a North Carolina Limited Liability Company, d/b/a NOSCOPE,<br><br>    Plaintiff,<br><br>v.<br><br>GUNNAR OPTIKS, LLC, a California Limited Liability Company,<br><br>    Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Mad Panda, LLC d/b/a NoScope ("Plaintiff") brings this action against Defendant Gunnar Optiks, LLC ("Defendant"), for declaratory judgment, alleging and saying as follows:

### NATURE OF THIS ACTION

1. This action seeks a declaratory judgment that Plaintiff's use of the term "NoScope" in commerce as its company name and in its marketing materials, its use of the term "Gunnar" in its comparative advertising, and its manufacture and sale of certain products does not infringe any valid trademark or patent rights of Defendant. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*; the Patent Laws of the United States, 35 U.S.C.A. §§ 101 *et seq*, the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq*; and the laws of North Carolina.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business at 7301 Underwood Arbor Place, Cary, North Carolina 27518.

3.      Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 89010 University Center Ste 570, San Diego, CA 92122. Defendant may be served with process at that address. Defendant sells a line of glasses known as "Steelseries Scope."

4.      Upon information and belief, Defendant conducts significant business activity within the State of North Carolina, including within this judicial district, through various retailers, including, but not limited to, Best Buy and Staples, and is subject to the jurisdiction of this Court. Defendant promotes and sells its "Steelseries Scope"-branded products within this State and within this district.

5.      Defendant also advertises its products and services, including its "Steel Series Scope"-branded products on an interactive website at www.gunnars.com, and, upon information and belief, receives substantial traffic from and makes substantial sales to North Carolina-based customers, including customers in this district, through that website.

6.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim have occurred in this judicial district.

**FACTS**

8.      Plaintiff's business consists primarily of the retail promotion and sale of glasses designed to reduce eye-strain from prolonged exposure to video displays during the use of a computer or while playing video games ("Computer Glasses"). Plaintiff's services include the sale of its Computer Glasses through its website at www.noscopeglasses.com.

9.      Plaintiff selected the term "NoScope" ("NOSCOPE Mark") for is business due to the term's association with video gaming, and began doing business under that name in or

about December 31, 2013. Since that time, Plaintiff has devoted substantial amounts of time, money and effort into marketing and promoting its products under the NOSCOPE Mark. As a result of these efforts, Plaintiff has developed substantial customer recognition and goodwill in North Carolina and elsewhere under the NOSCOPE Mark.

10. On or about December 17, 2013, Defendant applied for Federal Trademark registration for the plain word NOSCOPE Mark.

11. On or about May 6, 2014, the NOSCOPE Mark was published for opposition. No party, including Defendant, filed any opposition to the NOSCOPE Mark.

12. The NOSCOPE Mark was granted Federal Registration No. 4571911 on or about July 22, 2014. A copy of this registration is attached as Exhibit A to this Complaint.

13. On or about December 23, 2013, Defendant applied for Federal Trademark registration for the stylized "NS NoScope" Logo Mark ("Logo Mark")(collectively, NOSCOPE Mark and Logo Mark known as "Plaintiff's Marks").

14. On or about May 6, 2014, the Logo Mark was published for opposition. No party, including Defendant, filed any opposition to the Logo Mark.

15. The Logo Mark was granted Federal Registration No. 4572194 on or about July 22, 2014. A copy of this registration is attached as Exhibit B to this Complaint.

16. Defendant, through counsel, has now asserted via communication with Plaintiff that Defendant possesses exclusive trademark rights in the term "Scope", as well as other common computer gaming terms such as "RPG," (which is an acronym for "Role Playing Game") and that Plaintiff's use of the NOSCOPE Mark in connection with its business creates a likelihood of customer confusion, and infringes upon Defendant's alleged trademark rights. Defendant has demanded that Plaintiff cease using the NOSCOPE Mark in connection with Plaintiff's products and services and has asserted that Defendant is entitled to monetary damages for Plaintiff's current and past use of the Mark.

17. Defendant's claims of likelihood of confusion and trademark infringement are meritless. There is no likelihood of confusion between Plaintiff's Marks and Defendant's alleged marks. Among other factors, Plaintiff's Marks and Defendant's alleged marks are dissimilar and there is no likelihood of confusion. Indeed, none of Defendant's alleged marks was raised by any trademark examiner during the registration of Plaintiff's Marks. Furthermore, in adopting Plaintiff's Marks, Plaintiff had no intent to trade on any reputation or goodwill that Defendant may have established in connection Defendant's alleged Marks.

18. In select comparative advertising for its Computer Glasses, Plaintiff uses the phrase "Compare to Gunnar". In all instances of such comparative advertising, Plaintiff includes a bolded disclaimer about its Computer Glasses that states "Please note: These are NOT Gunnar Brand."

19. Defendant , through counsel, has asserted via communication that Plaintiff's use of the term "Gunnar" in comparative advertising may cause confusion to customers, leading them to believe that Plaintiff's products are affiliated with Gunnar, despite the clear disclaimer that Plaintiff's Computer Glasses "are NOT Gunnar Brand," and that such use is trademark infringement and unfair competition.

20. Defendant's claims of trademark infringement and unfair competition with respect to usage of the term "Gunnar" in Plaintiff's comparative advertising are likewise without merit. As stated in Federal Trade Commission ("FTC") regulations, comparative advertising "is a source of important information to consumers and assists them in making rational purchase decisions." 16 C.F.R. § 14.15(b)-(c). It is for this reason that the FTC "continue[s] to scrutinize carefully restraints upon its use." Plaintiff's usage of the term "Gunnar," along with clear disclaimers that its Computer Glasses "are NOT Gunnar brand", is exactly the type of important information the FTC is referring to.

21. Upon information and belief Defendant is the owner of United States Letters Patent No 7,976,157, 8,342,681, and 8,469,512 ("Defendant's Patents").

4

22. Defendant, through counsel, has asserted via communication with Plaintiff that Defendant is infringing upon Defendant's Patents through the manufacture and sale of its Computer Glasses. Consequently, Defendant has demanded that Plaintiff "provide an accounting of all ...[sales]" of its Computer Glasses, and that Plaintiff provide Defendant "compensation for the sale of the [allegedly] infringing" Computer Glasses.

23. Defendant's patent infringement claims are meritless. Defendant's Patents are invalid and void. Furthermore, even if Defendant's Patents were valid, the patents would not be infringed by Plaintiff's Computer Glasses.

24. As a result of Defendant's threats of bringing a trademark and/or patent infringement action against Plaintiff, Plaintiff is under an imminent threat of litigation, is insecure in its rights, is uncertain if it is currently accruing additional potential liability and damages, and is in need of a judicial declaration of the scope of its rights and those of Defendant, as to Plaintiff's Marks and the manufacture and sale of Plaintiff's Computer Glasses.

**FIRST CLAIM FOR RELIEF**
**Declaration of Non-Infringement Under Federal or State Law for use of the NOSCOPE Mark**

25. The allegations in the preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

26. Defendant has asserted that Plaintiff's use of the NOSCOPE Mark in connection with its Computer Glasses causes a "high likelihood of consumer confusion."

27. Plaintiff's use of the NOSCOPE Mark in connection with its business is not likely to cause confusion, to cause mistake, or to device as to the affiliation, connection, or association of Plaintiff or its product with Defendant or its goods and services, or as to the source, origin, sponsorship or approval of Plaintiff's goods by Defendant.

28. Plaintiff's use of the NOSCOPE Mark does not violate Defendant's legal rights under the federal Lanham Act, 15 U.S.C. § 1125(a), or under state law, and does not

5

constitute trademark infringement, unfair competition, or unfair and deceptive trade practices.

29. An actual and justiciable controversy exists between Plaintiff and Defendant as to the non-infringement of Defendant's alleged Marks by Plaintiff's use of the NOSCOPE Mark in connection with the offering and sale of its products and services. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaration of the rights and legal relations of the parties based on the foregoing and is entitled to a declaratory judgment that its use of the NOSCOPE Mark does not violate Defendant's rights, and that Defendant is without right or authority to maintain a suit against Plaintiff for alleged trademark infringement, unfair competition, deceptive trade practices, or related causes of action under federal or state law based on such use.

## SECOND CLAIM FOR RELIEF
### Declaration of Non-Infringement Under Federal or State Law for use of the term Gunnar in Comparative Advertising

30. The allegations in the preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

31. Defendant has asserted that Plaintiff's use of the term "Gunnar" in connection with certain online advertising makes it "falsely appear to consumers [that Plaintiff's Computer Glasses] have been produced or licensed" by Defendant, despite Plaintiff's clear disclaimers that Plaintiff's Computer Glasses "are NOT Gunnar brand."

32. Plaintiff's use of the term "Gunnar" in comparative advertising, and with clear disclaimers, is not likely to cause confusion, to cause mistake, or to device as to the affiliation, connection, or association of Plaintiff or its product with Defendant or its goods and services, or as to the source, origin, sponsorship or approval of Plaintiff's goods by Defendant.

33. Plaintiff's use of the Gunnar Mark does not violate Defendant's legal rights under the federal Lanham Act, 15 U.S.C. § 1125(a), or under state law, and does not

constitute trademark infringement, unfair competition, or unfair and deceptive trade practices.

34. An actual and justiciable controversy exists between Plaintiff and Defendant as to the non-infringement of Defendant's alleged marks by Plaintiff's use of the term "Gunnar" in comparative advertising as related to the offering or sale of its products and services. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaration of the rights and legal relations of the parties based on the foregoing and is entitled to a declaratory judgment that its use in comparative advertising of the Gunnar Marks does not violate Defendant's rights and that Defendant is without right or authority to maintain a suit against Plaintiff for alleged trademark infringement, unfair competition, deceptive trade practices, or related causes of action under federal or state law based on such use.

**THIRD CLAIM FOR RELIEF**
**Declaration of Non-Infringement Under Federal and State Law for the Manufacture and Sale of Computer Glasses**

35. The allegations in the preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

36. Plaintiff has been and is at present manufacturing Computer Glasses and selling them through its interactive website to customers throughout the United States.

37. Defendant has asserted that Plaintiff's manufacture and sale of its Computer glasses is an infringement upon Defendant's alleged patent rights.

38. Defendant, through counsel, is demanding unjustified payments for alleged ongoing and past infringements under the Defendant's Patents.

39. Plaintiff has not infringed and is not now infringing the Defendant's Patents.

40. An actual and justiciable controversy exists between Plaintiff and Defendant as to the non-infringement of Defendant's alleged patent rights by Plaintiff's manufacture and sale of Computer Glasses.

41. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaration of the rights and legal relations of the parties based on the foregoing and is entitled to a declaratory judgment that Plaintiff's manufacture and sale of Computer Glasses does not infringe upon Defendant's alleged patent rights, and that Defendant is without right or authority to maintain a suit against Plaintiff for alleged patent infringement, or related causes of action under federal or state law based on Plaintiff's manufacture and sale of Computer Glasses.

## FOURTH CLAIM FOR RELIEF

### Declaration of Invalidity of Defendant's Patents

42. The allegations in the preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

43. Upon information and belief, the above-mentioned Defendant's Patents are invalid and void for the following reasons:

   i. The applicant was not the original or first or sole inventor or discoverer of the alleged inventions purporting to be patented by him, but the same had previously been devised by others;

   ii. Prior to the alleged inventions by the applicant, the alleged inventions had been known to or used by others in the United States;

   iii. For more than one year prior to the filing of the patent applications in the United States, the alleged inventions, or all material or substantial part or parts thereof, had been in public use or on sale in this country;

   iv. Prior to the alleged inventions by the applicant, the alleged inventions were made in this country by others who had not abandoned, suppressed, or concealed them;

   v. The differences between the subject matters sought to be patented and the prior art are such that the subject matters as a whole would have been obvious, at the time the alleged inventions were made, to a person having

8

ordinary skill in the art to which such subject matters pertained, and such subject matters did not involve patentable inventions; and

vi. If such patents are construed to cover the Computer Glasses made, used, or sold by Plaintiff, the patents are invalid in view of the prior art.

44. An actual and justiciable controversy exists between Plaintiff and Defendant as to the validity of Defendant's Patents.

45. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaration of the rights and legal relations of the parties based on the foregoing and is entitled to a declaratory judgment that Defendant's Patents are invalid and that Defendant is without right or authority to maintain a suit against Plaintiff for alleged patent infringement, or related causes of action under federal or state law based Plaintiff's manufacture and sales of Computer Glasses.

WHEREFORE, Plaintiff respectfully requests:

1. That the Court declare and adjudicate, pursuant to 28 U.S.C. §§ 2201 and 2202, the respective rights and relations of the parties with respect to the matters in dispute, including a declaration that

   i. Plaintiff's use of Plaintiff's Marks does not violate any trademark rights of Defendant under the federal Lanham Act, 15 U.S.C § 1051 *et seq,* or under state law;

   ii. Plaintiff's use in comparative advertising of the term "Gunnar" does not violate any trademark rights of Defendant under the federal Lanham Act, 15 U.S.C § 1051 *et seq*, or under state law;

   iii. Defendant's patents are invalid and void and that such patents are not infringed by the Computer Glasses made, used or sold by the Plaintiff.

   iv. Plaintiff has the right to continue to make, use and sell such Computer Glasses, without any threat or other interference whatsoever against

Plaintiff by Defendant, based on or arising out of the ownership of the Defendant's Patents or any interest therein;

v. Defendant's Patents and all other patents owned by Defendant relating to Computer Glasses are unenforceable against Plaintiff;

vi. Defendant is permanently enjoined from prosecuting or bringing or threatening to bring any actions against any buyers, sellers or users of Plaintiff's Computer Glasses for alleged infringement of Defendant's patent rights under the patents by the sale or use of Computer Glasses; and

vii. Defendant, its officers, agents, employees, and attorneys, are permanently enjoined from charging or asserting that the manufacture, use or sale of Computer Glasses manufactured and sold by Plaintiff is in violation of or infringes Defendant's alleged patent rights under Defendant's Patents.

2. That Plaintiff recover from Defendant its costs and reasonable attorneys' fees in this action;

3. That Plaintiff have and receive a jury trial on all issues so triable; and

4. That the Court grant such further relief as it may deem just and proper.

Respectfully submitted this 18th day of August, 2014.

  /s/ John T. Kivus
W Swain Wood
NC State Bar No. 32037
John T. Kivus
NC State Bar No. 42977
Attorney for Defendant
WOOD JACKSON PLLC
1330 St. Mary's Street, Suite 460
Raleigh, NC 27605
Telephone: (919) 829-7394
Facsimile: (919) 829-7396
swood@woodjackson.com

jkivus@woodjackson.com

COUNSEL FOR PLAINTIFF Mad Panda, LLC d/b/a NoScope